UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM R. KLINEFELTER,

                    Plaintiff,

          v.                                                    **DECISION AND ORDER**
                                                                09-CV-299-S
THE HONORABLE RAY LAHOOD,
SECRETARY OF TRANSPORTATION,
DEPARTMENT OF TRANSPORTATION,
(FEDERAL AVIATION ADMINISTRATION),

                    Defendant.


## I. INTRODUCTION

In this action Plaintiff William R. Klinefelter brings suit against Defendant, the

Honorable Ray LaHood, Secretary of Transportation, Department of Transportation

(Federal Aviation Administration), claiming violations of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Equal Pay Act of 1963,

29 U.S.C. § 206(d)(1) ("Equal Pay Act").   Plaintiff's claims arise out of a pay disparity

between Plaintiff and a female co-worker.   Presently before this Court is Defendant's

Motion for Summary Judgment.[1]  Also before this Court is Defendant's Motion to Dismiss

Count I of the Complaint for Lack of Subject Matter Jurisdiction and to Withdraw

---

[1]In support of their Motion for Summary Judgment, Defendant filed a Statement of Facts, with
Exhibits; a Memorandum of Law; a Reply Memorandum; a Reply to Plaintiff's Response to Defendant's
Statement of Facts Pursuant to Local Rule of Civil Procedure 56.1(b); and a Response to Plaintiff's
Statement of Material Facts as to which there exists a Genuine Issue to be Tried.  (Docket Nos. 19 - 22,
39, 40, 41.)
          In opposition to Defendant's Motion for Summary Judgment, Plaintiff filed a Statement of Material
Facts as to which there exists a Genuine Issue to be Tried Pursuant to L. Civ. R. 56.1(b); a Response to
Defendant's Statement of Facts Pursuant to L. Civ. R. 56.1(b); and a Memorandum of Law.  (Docket Nos.
28 - 33.)

Defendant's Motion for Summary Judgment as to Plaintiff's Equal Pay Act Claim.[2]  For the

reasons discussed below, Defendant's motions are granted.

## II. BACKGROUND

**A.     Facts**

Plaintiff is a male employee of the Federal Aviation Administration ("FAA").  (Plaintiff

William R. Klinefelter's Response to Defendant's Statement of Facts Pursuant to L. Civ.

R. 56.1(b) ("Stmt."), Docket No. 32, ¶ 1.)  Prior to starting work at the FAA, Plaintiff was

employed by the United States Air Force ("USAF") from June 1987 to August 2001.  (Id.

¶¶ 3, 4.)  While with the USAF, Plaintiff worked as an Electronic Integrated Systems

Mechanic.  (Id. ¶ 5.)

At some point during that employment, Plaintiff applied for a position with the FAA

as an Airway Transportation Systems Specialist at the Buffalo International Airport.

(Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s

Opp'n"), Docket No. 33, 3.)  Plaintiff was offered this position on August 1, 2001 by the

FAA Human Resources Division at an annual salary of $44,668.  (Stmt. ¶ 27.)  Plaintiff

accepted this position on August 6, 2001, and began his employment on August 12, 2001.

(Stmt. ¶¶ 28, 29.)

Plaintiff's starting salary was based on FAA Manager Nancy Holston's application

of the "New Hire Salary Decision Tool."  (Pl.'s Opp'n 3.)  This tool consists of a document

---

[2]In support of their Motion to Dismiss Count I of the Complaint for Lack of Subject Matter
Jurisdiction and to Withdraw Defendant's Motion for Summary Judgment as to Plaintiff's Equal Pay Act
Claim, Defendant filed a Memorandum of Law; and a Reply Memorandum.  (Docket Nos. 38, 47.)
    In opposition to Defendant's motion, Plaintiff filed the Affidavit of Jonathan E. Staehr, Esq.; and a
Memorandum of Law.  (Docket Nos. 43, 44.)

containing a list of considerations in setting a new employee's salary, including criticality of skills, degree of difficult in filling openings, experience, skills, current pay level, and other salary offers.  (Stmt. ¶ 17.)  Plaintiff's starting salary of $41,500 plus locality pay, put him in "Pay Band G."  (Plaintiff William R. Klinefelter's Statement of Material Facts as to which there Exists a Genuine Issue to be Tried Pursuant to L. Civ. R. 56.1(b), Docket No. 28, ¶ 2.)  Employees in Pay Band G receive annual salaries between $35,100 and $54,300. (Pl.'s Opp'n 3.)

Plaintiff claims not to have been satisfied with his salary, but nevertheless accepted the position.  (Id. at 4.)  Plaintiff completed his initial training approximately ten months after starting his employment, and received "Journey Level Status."  (Stmt. ¶ 44.)  Along with his new status, Plaintiff was upgraded to H Band pay level.  (Id. ¶ 49.)

Plaintiff first became aware that a female Airway Transportation System Specialist at the Buffalo International Airport, Ms. Maureen Murphy, was receiving a salary higher than his in March 2006.  Murphy had begun her career with the FAA approximately 13 years prior to Plaintiff on September 27, 1987, when she was hired as a secretary.  (Id. ¶¶ 61, 62, 72.)  Murphy became a purchasing agent with the FAA in March 1990, and thereafter became an Electronics Technician on April 21, 1999.  (Id. ¶ 63.)  Murphy was promoted to Electronic Technician in 1993, and was then repeatedly promoted until 1996 when she became an Airway Transportation Systems Specialist.  (Id. ¶¶ 64, 65, 66, 69.) Currently, Murphy's salary is $98,362 per year, while Plaintiff's salary is $75,817.

As a result of this pay disparity, Plaintiff now seeks back pay, front pay, liquidated damages, compensatory damages for mental anguish and humiliation, punitive damages, and attorneys' fees.

**B.      Procedural History**

Plaintiff commenced this action on March 31, 2009 by filing a complaint in the United States District Court for the Western District of New York.  Defendant filed an Answer on July 20, 2009 and the case was referred to Jeremiah J. McCarthy, United States Magistrate Judge, for pre-trial non-dispositive matters.  Following discovery, Defendant filed a Motion for Summary Judgment on September 1, 2010.  Thereafter, Defendant filed a Motion to Dismiss for Lack of Jurisdiction and to Withdraw Defendant's Motion for Summary Judgment as to Plaintiff's Equal Pay Act Claim on February 18, 2011. After various extensions, briefing on these motions concluded on May 11, 2011, at which time this Court took these matters under advisement without oral argument.

### III.  DISCUSSION

**A.      Summary Judgment Standard**

Summary Judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  A fact is material if it "might affect the outcome of the suit under governing law."  Anderson, 477 U.S. at 248.

The party seeking summary judgment must first demonstrate the absence of any disputed material facts.  The opposing party is then required to "go beyond the pleadings"

and "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008).  To carry this burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), and it "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . or upon the mere allegations or denials of the adverse party's pleading," Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (internal quotation and citations omitted).

In assessing whether summary judgment is appropriate, the court's obligation is to view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970).  The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

In the context of employment discrimination cases, the United States Court of Appeals for the Second Circuit has explicitly cautioned district courts to use extra care when deciding whether to grant summary judgment because "the ultimate issue to be resolved in such cases is the employer's intent, an issue not particularly suited to summary adjudication." Eastmer v. Williamsville Cent. Sch. Dist., 977 F. Supp. 207, 212 (W.D.N.Y.

1997) (quoting Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994)). Nonetheless, "[t]he summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). Indeed, the Second Circuit has noted that "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to commercial or other areas of litigation." Id.

## C.  Plaintiff's Title VII Claim

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1); Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S. Ct. 2148, 2150, 156 L. Ed. 2d 84 (2003). Where a plaintiff does not come forward with direct evidence of discrimination, a court shall apply the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) and Texas Dep't of Comt'y Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

The burden-shifting test first requires that the plaintiff establish a *prima facie* case of discrimination. If the plaintiff meets this initial burden, a rebuttable presumption of discrimination arises, and the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action. Burdine, 450 U.S. at 254. If the defendant succeeds in making this showing, "the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture." Weinstock v. Columbia

Univ., 224 F.3d 33, 42 (2d Cir. 2000) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993)).

Assuming that the defendant meets its burden at the second stage, the burden returns to the plaintiff to prove that the defendant's discrimination was intentional.  In this regard, the plaintiff must produce "evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." Weinstock, 224 F.3d at 42.  "In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." Id.  However, "[i]t is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." Id. (quoting St. Mary's, 509 U.S. at 519).

In the present case, Plaintiff is unable to present even a *prima facie* case of discrimination.  Plaintiff bases his claim exclusively on the fact that the FAA pays a higher wage to Murphy than it does him.  (Stmt. ¶ 52.)  Plaintiff argues that both he and Murphy perform equal work on jobs requiring equal skill, effort, and responsibility.  Defendant responds, in the context of addressing Plaintiff's claim under the Equal Pay Act, see Lavin-McEleney v. Marist College, 239 F.3d 476, 483 (2d Cir. 2001) (noting that "[t]he Equal Pay Act and Title VII must be construed in harmony, particularly where claims made under the two statutes arise out of the same discriminatory pay policies"), that Murphy's position required more skill and entailed greater responsibility than Plaintiff's in 2001, when Plaintiff joined the FAA.  Defendant further argues that following Plaintiff's hiring, his and Murphy's salaries became subject to a union pay plan that Plaintiff does not allege was discriminatory.

"In order to make out a *prima facie* case of unequal pay for equal work under Title VII, a plaintiff must show that (1) []he is a member of a protected class; and (2) []he was paid less than non-members of h[is] class for work requiring substantially the same responsibility.  In addition to the requirements that are generally the same as those under the [Equal Pay Act], a 'Title VII plaintiff must also produce evidence of discriminatory animus in order to make out a prima facie case of intentional sex-based salary discrimination.'" Belfi v. Prendergast, 191 F.3d 129, 139 (2d Cir. 1999) (quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1312 (2d Cir. 1995), *abrogated on other grounds by* Burling Indus., Inc. v. Ellerth, 525 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)) (citation omitted).

Here, Plaintiff has failed to make out a *prima facie* case of unequal pay for unequal work.  The evidence necessary for a plaintiff to satisfy the initial burden of demonstrating a *prima facie* case is "minimal" or "de minimis."  Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (quoting Zimmerman v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001)).  Nevertheless, Plaintiff has failed to establish that Defendant acted with a discriminatory intent.

It is undisputed that eight male employees holding the same title as Murphy and Plaintiff earned more than either of them.  (Stmt. ¶ 57.)  Moreover, although Murphy's salary is greater than that of five other male Airway Transportation Systems Specialists, she has a longer tenure with the FAA.  (Id. ¶ 58.)  The highest paid specialist, as of 2007, was, in fact, male.  (Id. ¶ 56.)

Plaintiff's efforts to find discrimination despite these patently non-discriminatory

conditions are unavailing. Plaintiff asserts that Defendant's discriminatory motives can be inferred from their inconsistent application, or disregarding, of the salary tools used for setting Plaintiff's wage. However, even assuming the truth of these conclusory allegations, "[w]hen [a] plaintiff proves that the explanations offered by her employer for wage disparity are false, such does not automatically mean that plaintiff has carried her burden of persuasion on the factor of intent." Beilfi, 191 F.3d at 140. Plaintiff must then show that "not only was the reason offered false, but that the real reason was discrimination." Id. As Plaintiff admits, his claim is based only on the wage disparity between Murphy and himself. (Def.'s Ex. J, 31:21-33:21.) "The wage disparity, standing alone, however, is insufficient to survive [a] motion for summary judgment." Fayson v. Kaleida Health, Inc., No. 00-CV-0860E(SR), 2002 WL 31194559, at *6 (Sep. 18, 2002) (citing Tomka, 66 F.3d at 1312-13); see also Sandor v. Safe Horizon, Inc., No. 08-CV-4636 (ILG), 2011 WL 115295, at *18 (E.D.N.Y. Jan. 13, 2011) (evidence that other employee was unfairly paid higher salary than plaintiff insufficient to demonstrate resulting disparity was sex-based); Ludwiczak v. Hitachi Capital Am. Corp., 528 F. Supp. 2d 48, 62 (D. Conn. 2007) (lack of evidence of discriminatory animus sufficient to grant summary judgment).

Plaintiff made it clear during his deposition that the only evidence he had that Defendant's actions were motivated by a discriminatory intent was the fact that he was being paid less than Murphy. Plaintiff was specifically asked whether there had been any discriminatory references to his sex in the workplace, and Plaintiff responded in the negative. (Def.'s Ex. J, 32:13-33:11.) As the court in Cox v. Quick & Reilly, Inc. remarked, dismissing a discrimination claim:

> Plaintiff provided no evidence, other than the fact that [the

other male employee's] compensation was higher than hers, to support her contention that she was paid less *because she was a woman*. In her deposition, plaintiff could not cite to any statements, documentary evidence, or other examples of this discriminatory practice occurring . . . in support of her contention of gender discrimination. Without evidence that defendants intentionally paid plaintiff less . . . because she was a woman, no rational jury could find discriminatory intent.

401 F. Supp. 2d 203, 215-16 (N.D.N.Y. 2005) (emphasis in original).

The fact that Plaintiff may have previously served in the USAF and that this may have provided him with experience relevant to his FAA position does not make up for this deficiency. See David v. Comtech PST Corp., No. CV 03-6480(JO), 2006 WL 2713936, at *15 (E.D.N.Y. Sep. 22, 2006) (superior qualifications relative to male colleagues, including twenty years experience in industry and relevant course work insufficient for trier of fact to conclude pay disparity was caused by discriminatory animus).

Accordingly, Plaintiff's Title VII claim will be dismissed. See Guglielmo v. Marchon Eyewear, Inc., No. 02 CV 5434(SLT), 2006 WL 398617, at *9 (Feb. 16, 2006) (failure to produce evidence of discriminatory animus warrants dismissal of Title VII equal pay claim).

## C.    Plaintiff's Equal Pay Act Claim

The Equal Pay Act prohibits employers from discriminating against employees on the basis of sex by paying higher wages to employees of the opposite sex for equal work. 29 U.S.C. § 206(d)(1). To establish a *prima facie* case of discrimination under the Equal Pay Act, a plaintiff must show that: "i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort and responsibility; and iii) the jobs are performed under similar working conditions." Tomka, 66 F.3d at 1310. Notably absent from this list is Title VII's requirement that a

10

plaintiff also show discriminatory animus. Lavin-McEleney, 239 F.3d at 483. Nevertheless, Plaintiff's Equal Pay Act claim must still be dismissed.

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The Equal Pay Act does not include a jurisdictional grant. Consequently, jurisdiction over Plaintiff's claim is governed by the Tucker Act, 28 U.S.C. § 1491(a)(1), and 28 U.S.C. § 1346(a)(2). The Tucker Act provides that a district court shall have concurrent jurisdiction with the Court of Federal Claims for claims against the United States not exceeding $10,000. The Court of Federal Claims shall have exclusive jurisdiction over claims brought against the United States which exceed $10,000. 28 U.S.C. § 1346(a)(2).

Here, Plaintiff seeks back pay as a result of an annual wage disparity between him and Murphy of $22,545. Plaintiff admits as much, arguing that "not taking into account raises and increases in pay that Ms. Murphy received from 2009 to today's date, there is well over a $20,000 pay discrepancy between Mr. Klinefelter and Ms. Murphy." (Pl.'s Opp'n 8.) Notably, in Plaintiff's Response to Defendant's Motion to Dismiss his Equal Pay Act claim, Plaintiff does not challenge that this claim will need to be either dismissed or transferred to the Court of Federal Claims. Consequently, this Court concludes that Plaintiff does seek to recover back pay in excess of $10,000. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985) (noting that plaintiff did not specify precise amount of back pay sought, but calculating that sum would be in excess of $10,000). Because Plaintiff has not expressly stated his desire to limit recovery to $10,000 or less, this Court finds that it does not have subject matter jurisdiction. See Wiggins v.

Powell, No. Civ.A.02-1774(CKK), 2005 WL 555417, at *12 (D.D.C. Mar. 7, 2005) ("Plaintiff's waiver of recovery in excess of $10,000 for his [Equal Pay Act] claim while maintaining the right to recover greater damages under his ADEA and Title VII claims is perfectly permissible . . . .").

The only remaining question is whether Plaintiff's Equal Pay Act claim should be dismissed without prejudice or transferred to the Court of Federal Claims.  Plaintiff urges that this Court should transfer the matter, pursuant to 28 U.S.C. § 1631.  That statute states that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Plaintiff argues that the interests of justice support transfer, describing the considerable resources he has expended in prosecuting this action through discovery, mediation, and motion practice.  Defendant argue that transfer would be futile.

This Court notes that a number of district courts have permitted transfer in similar circumstances.  See Schrader v. Tomlinson, 311 F. Supp. 2d 21, 26 n.4 (D.D.C. Mar. 30, 2004) (noting that transfer of Equal Pay Act claim would be appropriate); Weber v. Hurtgen, 297 F. Supp. 2d 58, 62 (D.D.C. 2003) ("In light of these damages, the Court lacks jurisdiction and transfers the [Equal Pay Act] claim to the Court of Federal Claims."); De Leon v. England, No. Civ.A. 02-473(EGS), 2003 WL 21767504, at *2 (D.D.C. Feb. 20,

12

2003) (court may transfer Equal Pay Act claim in the interest of justice).  However, a review

of the Federal Court of Claims' jurisprudence reveals that the interests of justice would not

be served by transferring the case.  Hoffenberg v. United States, 333 Fed. Appx. 625, 628

(2d Cir. 2009) (interests of justice not served where transfer would be futile).

Transfer of Plaintiff's Equal Pay Act to the Court of Federal Claims would be futile

because that court would be required, as a matter of law, to dismiss Plaintiff's claim for lack

of jurisdiction.  28 U.S.C. § 1500 specifically provides that:

> The United States Court of Federal Claims shall not have
> jurisdiction of any claim for or in respect to which the plaintiff
> or his assignee has pending in any other court any suit or
> process against the United States or any person who, at the
> time when the cause of action alleged in such suit or process
> arose, was, in respect thereto, acting or professing to act,
> directly or indirectly under the authority of the United States.

This provision has been read to mean that "a plaintiff cannot file a claim in the Court

of Federal Claims if she has pending the same claim against the Government in district

court, even if the district court claim has since been adjudicated," which includes claims

filed simultaneously.  Gaskell v. United States, No. 09-6367, 2010 WL 3801183, at *4 (E.D.

La. Sep. 21, 2010).  "Two suits are for or in respect to the same claim, precluding

jurisdiction in the [Court of Federal Claims], if they are based on substantially the same

operative facts, regardless of the relief sought in each suit."  United States v. Tohono

O'Odham Nation, 131 S. Ct. 1723, 1731, 179 L. Ed. 2d 723 (2011).  Here, there is little

doubt that Plaintiff's claims under the Equal Pay Act and Title VII arise out of the same

operative facts.  The crux of Plaintiff's claim under either provision is that he was paid less

than a certain female employee.  Each claim rests upon that fact and cannot survive

without it.  That the claims are based upon different legal theories is of no consequence.

Trusted Integration, Inc. v. United States, No. 2010-5142, 2011 WL 4888787, at *4 (Fed. Cir. 2011).  As a result, even if this Court were to transfer Plaintiff's Equal Pay Act claim to the Court of Federal Claims, that claim would be considered to have been filed the same day as Plaintiff's Title VII claim, and be dismissed for arising out of the same operative facts pursuant to § 1500.  Gaskell, 2010 WL 3801183, at *4.

Accordingly, Plaintiff's Equal Pay Act claim will be dismissed without prejudice.  See Jenson v. F.A.A., No. CV-10-0234-CI, 2011 WL 2491428, at *3 (E.D. Wash. June 22, 2011) (claims dismissed without prejudice to plaintiff pursuing remedies in Court of Federal Claims); Gasken, 2010 WL 3801183, at *4 ("Accordingly, the takings claim cannot be transferred; it must be dismissed without prejudice.").

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count I of the Complaint for Lack of Subject Matter Jurisdiction and to Withdraw Defendant's Motion for Summary Judgment as to Plaintiff's Equal Pay Act Claim is granted.  Defendant's Motion for Summary Judgment will be amended accordingly.  Defendant's Amended Motion for Summary Judgment as to Plaintiff's remaining Title VII claim is granted.

## V.  ORDERS

IT IS HEREBY ORDERED, that Defendant's Motion to Dismiss Count I of the Complaint for Lack of Subject Matter Jurisdiction and to Withdraw Defendant's Motion for Summary Judgment as to Plaintiff's Equal Pay Act Claim (Docket No. 37) is GRANTED.

FURTHER, that Count II of Plaintiff's Complaint (Docket No. 1) is dismissed without prejudice.

FURTHER, that Defendant's Motion for Summary Judgment (Docket No. 18) is AMENDED in accordance with the opinion above.

FURTHER that Defendant's Amended Motion for Summary Judgment (Docket No. 18) is GRANTED.

FURTHER, that Count I of Plaintiff's Complaint (Docket No. 1) is dismissed with prejudice.

FURTHER, that the Clerk of the Court is direct to take the steps necessary to close this case.

SO ORDERED.


Dated:        November 20, 2011
              Buffalo, New York


                                    /s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                        Chief Judge
                                 United States District Court